IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. 5:24-cv-00152

| | |
|---|---|
| ENTERPRISE FM TRUST, a Delaware statutory trust,<br><br>    Plaintiff,<br><br>    v.<br><br>RMCDJR, LLC d/b/a Randy Marion Chrysler Dodge Jeep Ram, a North Carolina limited liability company; COREY RICHARD, individually and in his official capacity as Police Detective of the Mooresville Police Department; and the TOWN OF MOORESVILLE,<br><br>    Defendants. | **COMPLAINT** |

## INTRODUCTION

1. This lawsuit is about thirty-four cargo vans (the "Cargo Vans") registered to, and owned by, Enterprise FM Trust ("Enterprise"). Enterprise bought the Cargo Vans in 2023 from Mercedes-Benz of West Chester, Ohio in an arm's-length transaction for fair market value. Enterprise leased all the Cargo Vans to one of its commercial customers who relies on them to provide commercial HVAC and refrigeration services.

2. The Mooresville Police Department (the "Police Department") improperly listed the Cargo Vans as stolen in a national database of criminal justice information and refuses to remove that listing. This listing means that neither Enterprise nor its customer can safely use the Cargo Vans, since any person driving those Cargo Vans risks a dangerous interaction with law enforcement personnel who are likely to believe, based on information provided by the Police Department, that the Cargo Vans are stolen.

3. As the Police Department knows, the Cargo Vans are not stolen. The Police Department listed them as stolen because, on information and belief, RMCDJR, LLC d/b/a Randy Marion Chrysler Dodge Jeep Ram ("Randy Marion") wrongly claims to own the Cargo Vans.

4. Randy Marion is an automobile dealership who transferred the Cargo Vans to Zeeba Company, who then transferred them to Mercedes-Benz of West Chester, from whom Enterprise bought the Cargo Vans. Randy Marion is nonetheless claiming to own the Cargo Vans because, on information and belief, Randy Marion alleges that Zeeba Company failed to pay for the Cargo Vans as agreed.

5. This dispute between Randy Marion and Zeeba Company does not affect Enterprise's ownership of the Cargo Vans. Enterprise is an innocent third-party to that dispute. And North Carolina law is clear that, if Zeeba Company defrauded Randy Marion in connection with their transactions, Zeeba Company nonetheless had the power to transfer good title to Mercedes-Benz of West Chester.

6. Before filing this lawsuit, Enterprise repeatedly informed the Police Department that the Cargo Vans are not stolen. Enterprise has Certificates of Origin establishing that Randy Marion transferred the Cargo Vans to Zeeba Company, and it has Illinois Certificates of Title and Registration Identification Cards showing that Enterprise is the Cargo Vans' legal owner. Yet the Police Department refuses to remove the Cargo Vans from the stolen-vehicle registry.

7. Left with no other choice, Enterprise files this lawsuit to challenge the Police Department's ongoing refusal to remove the stolen-vehicle listing and to obtain a declaration that Enterprise is the lawful owner of the Cargo Vans.

**PARTIES, JURISDICTION, AND VENUE**

8. Plaintiff Enterprise FM Trust is a Delaware statutory trust with its principal place of business in Saint Louis, MO. Enterprise FM Trust and its affiliates, such as EC Sales LLC,

acquire and lease vehicles under the brand name Enterprise Rent-A-Car. Enterprise FM Trust and its affiliates are referred to collectively herein as "Enterprise."

9. Defendant RMCDJR, LLC is a North Carolina limited liability company in the business of automobile sales with its principal office in Iredell County. According to RMCDJR, LLC's Limited Liability Company Annual Report filed with the North Carolina Secretary of State on May 3, 2024, RMCDJR, LLC's members include Randall L. Marion and Randy Marion Incorporated. On information and belief, Randall L. Marion is an adult citizen and resident of Iredell County and Randy Marion Incorporated is a North Carolina corporation with its principal place of business in Iredell County.

10. Defendant Corey Richard ("Detective Richard") is, on information and belief, an adult citizen and resident of Iredell County. At all times relevant to the allegations in this Complaint, Detective Richard was a Police Detective with the Police Department and an agent and employee of Defendant Town of Mooresville.

11. Defendant Town of Mooresville is a municipal corporation in Iredell County, duly chartered under North Carolina law. It maintains and operates the Police Department under its charter. The Town of Mooresville bears legal responsibility for acts and omissions of the Police Department and its police officers that occur in the course of any officer's employment.

12. On information and belief, the Town of Mooresville has waived governmental immunity that might otherwise apply by purchasing insurance, either by contract with an insurance company or by participation in an insurance risk pool.

13. This Court has subject-matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 2201.

14. Venue lies in the Western District of North Carolina under 28 U.S.C. § 1391(b).

3

Case 5:24-cv-00152-KDB-SCR   Document 1   Filed 06/21/24   Page 3 of 16

## FACTUAL ALLEGATIONS

I. **Enterprise Purchases the Cargo Vans from Mercedes-Benz of West Chester and Leases Them to a Customer**

15. On or about March 23, 2023, Enterprise purchased the Cargo Vans—thirty-four 2023 RAM ProMaster 3500 High Roof Extended Cargo Vans—from Mercedes-Benz of West Chester by executing thirty-four Retail Purchase Agreements for those Cargo Vans.

16. These Cargo Vans are "goods" under N.C. Gen. Stat. § 25-2-105(1).

17. Enterprise purchased each of the Cargo Vans in arm's-length transactions for fair market value: approximately $60,000 each.

18. Enterprise leased all of the Cargo Vans to a third party, a national provider of commercial HVAC and refrigeration services (the "HVAC/R Lessee").

19. On information and belief, the Third-Party HVAC/R Lessee upfit the Cargo Vans and distributed them across various states for use in providing services to the HVAC/R Lessee's own customers.

20. On or about September 30, 2023, the State of Illinois issued 2024 Illinois Registration Identification Cards for each of the Cargo Vans listing Enterprise FM Trust as the owner. An example is reproduced below.



21. On or about February 13, 2024, the State of Illinois issued Certificates of Title of a Vehicle for each of the Cargo Vans listing Enterprise FM Trust as the owner. An example is reproduced below.



## II. Enterprise Learns That the Mooresville Police Department Has Listed the Cargo Vans as Stolen

22. On February 23, 2024, Detective Richard notified an Enterprise employee that seventeen of the Cargo Vans are "currently entered as stolen in NCIC." The abbreviation "NCIC" refers to the National Crime Information Center, "an information system maintained by the FBI that stores criminal justice information which can be queried by federal, state, and local law enforcement and other criminal justice agencies." 14B N.C. Admin. Code 18A.0102(38).

23. On February 23, 2024, Detective Richard provided Enterprise with a Mooresville Police Department Incident/Investigation Report (the "Incident Report") dated February 13, 2024. The Incident Report identifies "Randy Marion Corporate" as the victim of the crime "Fraud - False

Pretense / Swindle" involving seventeen of the Cargo Vans. The Incident Report states that each of the Cargo Vans has a value of $54,205.00.

24. The Incident Report is not a proper basis for listing the Cargo Vans as stolen. The North Carolina Administrative Code provides that a "record entered into NCIC files must be documented" by, relevant here, "a *theft* report of items of *stolen* property." 14B N.C. Admin. Code 18B.0201(a)(1) (emphasis added).

25. When Enterprise bought the Cargo Vans from Mercedes Benz of West Chester, it paid more than $54,205.00 per Cargo Van and was unaware of any controversy or concerns of fraud or theft involving the Cargo Vans.

26. On February 23, 2024, Enterprise confirmed to Detective Richard that it owns the Cargo Vans and told Detective Richard that Enterprise had leased all of the Cargo Vans to one of its customers.

27. On February 23, 2024, Detective Richard provided the following explanation to Enterprise about the decision to list the seventeen Cargo Vans as stolen:

> Well, we need to figure out how y'all got them since I have the original paperwork. The person that stole them was a Kayvon Marashi from California that owns Zeeba fleet management. He will be charged next week hopefully and he has admitted to taking the vehicles.
>
> Who did you purchase the vehicles from? Who or what company has the vehicles currently? If anything involves Zeeba or Marashi they will not be removed. This is also not the first time Zeeba/Marashi has done this. Marashi indicated he sold them to you (enterprise).
>
> The 17 vehicles listed in the report were not listed as registered in any state, that's why these were entered as stolen to prevent registration. The other 17 were registered to enterprise. Those registered to enterprise were not entered as stolen.
>
> This won't be resolved overnight since NC law requires me to have proof of the vehicles location and where they will be stored at (usually law enforcement locations) or a secured location.

28. On February 27, 2024, an Enterprise representative sent an email to Detective Richard showing that Enterprise had purchased the Cargo Vans from Mercedes-Benz of West Chester. This email included a copy of four cancelled checks used to buy those Cargo Vans and a spreadsheet listing the amounts Enterprise paid for each of the Cargo Vans. Enterprise has separately provided the Police Department with copies of signed and notarized Certificates of Origin proving that Randy Marion willingly transferred the Cargo Vans to Zeeba Company, a fleet management company based in California.

29. On March 11, 2024, Detective Richard replied to a different Enterprise representative, this time stating that the Cargo Vans were "stolen" from Randy Marion:

> During the investigation, it was revealed that the dealership you (Enterprise) purchased them from is not being completely forthcoming which is delaying the investigation further. I am meeting with the district attorney tomorrow at 1330 hrs to get an answer. Once I have the answer, I will contact you to discuss it further.
>
> As you know now the issue at hand is the vehicles were stolen from the storage lot and "sold" to the dealership you purchased them from. The company/subject that did this did not in any way own them. The dealership then sold you stolen vehicles. This was why Enterprise experienced an extended delay (6 months) in Enterprise getting the MCO for each vehicle.

30. An "MCO" is a Manufacturer's Certificate of Origin, a document issued by the manufacturer when it first transfers the vehicle to another. *See, e.g.*, N.C. Gen. Stat. § 20-52.1(a). Submission of this document is generally a requirement for obtaining a certificate of title.

31. The front sides of the Certificates of Origin for the Cargo Vans show that the manufacturer—FCA US LLC d/b/a Fiat Chrysler Automobiles—transferred the Cargo Vans and corresponding Certificates of Origin to Randy Marion. An example is reproduced below.



32. The back sides of the Certificates of Origin for the Cargo Vans show that Randy Marion transferred the Cargo Vans and Certificates of Origin to Zeeba Company and that Zeeba

Company transferred the Cargo Vans and Certificates of Origin to Mercedes Benz of West Chester, who sold the Cargo Vans to Enterprise. An example is reproduced below.

[Image: Certificate of Origin showing transfers between Randy Marion Chrysler Dodge Jeep Ram, Zeeba Company Inc., Mercedes Benz of West Chester, EC Sales LLC, and Enterprise FM Trust, with notary seals.]

33. Detective Richard is wrong to suggest that Enterprise's receipt of the Certificates of Origin was unusual or indicative of theft. In fact, they demonstrate the opposite: Randy Marion specifically and explicitly gave possession of the Cargo Vans to Zeeba Company and thus placed the Cargo Vans into the stream of commerce.

34. Enterprise submitted the Certificates of Origin to the Illinois Secretary of State when applying for vehicle titles and registrations. The Illinois Secretary of State's acceptance of

these Certificates of Origin and issuance of titles and registrations to Enterprise establishes that Enterprise is the owner of the Cargo Vehicles. *See, e.g.*, 625 Ill. Comp. Stat. 5/3-104(d) (providing that an application for a certificate of title for a new vehicle "must be accompanied by the Manufacturer's Statement of Origin, or other documents as required and acceptable by the Secretary of State, with such assignments as may be necessary to show title in the applicant").

35. Despite all of this evidence that all thirty-four Cargo Vans were lawfully purchased by, owned by, and registered to Enterprise, Detective Richard then threatened to *add* more of the Cargo Vans to the NCIC database.

36. On May 15, 2024, Detective Richard wrote to Enterprise:

> My understanding is that you are aware that the remaining 17 vehicles will need to be entered into NCIC as stolen (for recovery purposes). This is at the direction of the USAO since these vehicles are indeed stolen. Unfortunately, Enterprise was dragged into this situation by the dealership you received them from as they were not the owning dealership. With that being said, I am aware that you will need time to get the vehicles swapped out/replaced/etc. with the current vehicle operators. I feel 2 weeks is an adequate amount of time to get this accomplished. After that time frame, on 05/31/2024 the vehicles will be entered into NCIC and I will need to know where all 34 vehicles are located so a NCIC recovery can be completed and transportation can be arraigned to return them to the owning dealership.

37. On information and belief, the U.S. Attorney's Office (USAO) had not directed Detective Richard to add any of the Cargo Vans to the NCIC database. To the contrary, Detective Richard confirmed on May 28, 2024 that the remaining seventeen Cargo Vans would not be listed as stolen in the NCIC databases until the USAO had reviewed the case.

38. On June 17, 2024, Detective Richard wrote to Enterprise:

> After speaking with our legal counsel and command staff, I wanted to let you know the remaining 17 vehicles that have not been entered into NCIC will be entered into NCIC stolen today. From our previous conversations these vehicles are already grounded. To prevent any further hardships for Enterprise, it should be noted that these entries will include **"DO NOT TAKE ANY ENFORCMEMENT** [sic] **ACTION"** and to contact me directly for further information. I know this decision is not the decision you would like, but we are trying to protect our victim, the

original victim. Should you have any further questions, please feel free to email me as I am frequently out of the office.

39. On information and belief, Detective Richard added the remaining seventeen Cargo Vans to the NCIC stolen-vehicle registry even though the USAO had not advised Detective Richard to add those Cargo Vans or, indeed, completed its review of the case.

### III. Enterprise's Customer Cannot Use the Cargo Vans While They Are Listed as Stolen

40. When Enterprise learned that Detective Richard had listed the first seventeen Cargo Vans as stolen in the NCIC database, Enterprise informed the HVAC/R Lessee of this listing. Enterprise instructed the HVAC/R Lessee to take those seventeen Cargo Vans out of service, and, on information and belief, the HVAC/R Lessee is not allowing those Cargo Vans to be driven while they are listed as stolen in the NCIC database.

41. On or about June 17, 2024, Enterprise informed the HVAC/R Lessee that Detective Richard would be adding the remaining seventeen Cargo Vans to the NCIC database. Enterprise understands that the HVAC/R Lessee then took those remaining seventeen Cargo Vans out of service.

42. Neither Enterprise nor the HVAC/R Lessee can use the Cargo Vans while they are listed as stolen in the NCIC database. There is a high risk that any person driving the Cargo Vans while they are listed as stolen will be pulled over, detained, arrested, and charged with a crime.

43. Indeed, on information and belief, the NCIC Operating Manual warns that incorrect stolen-vehicle listings "might lead to a false arrest or possibly more serious consequences." The NCIC Operating Manual thus explains that "[s]tringent administrative procedures and controls to ensure that accurate data are entered in computerized criminal justice information systems are important" and can help "prevent lost court cases, civil liability suits, false arrests, and criminal charges against the law enforcement officer."

44. The NCIC listing is causing the HVAC/R Lessee and Enterprise significant ongoing harm. The HVAC/R Lessee had to remove the Cargo Vans from service at the beginning of summer, when demand for HVAC and refrigeration services is peaking. On information and belief, the HVAC/R Lessee spent considerable time and effort upfitting the Cargo Vans for specialized use and cannot quickly, easily, or economically replace those Cargo Vans with substitute vehicles.

45. The HVAC/R Lessee's inability to use the Cargo Vans is causing Enterprise significant reputational and economic harm.

**FIRST CAUSE OF ACTION**
**28 U.S.C. § 2201 – Declaratory Judgment**
**(Against Randy Marion)**

46. Enterprise incorporates by reference its allegations above as though fully set forth here.

47. Randy Marion sells new and used vehicles, parts, tires, accessories, and vehicle service. Randy Marion is a "merchant" under N.C. Gen. Stat. § 25-2-104(1).

48. There is an actual, ongoing controversy between Enterprise and Randy Marion regarding ownership of the Cargo Vans.

49. On information and belief, Randy Marion is asserting ownership of the Cargo Vans.

50. Randy Marion's assertion of ownership is harming Enterprise because the NCIC listing is fairly traceable to Randy Marion's claim that it owns the Cargo Vans. A declaration that Enterprise, not Randy Marion, owns the Cargo Vans would redress ongoing injury to Enterprise.

51. The Court should declare that Enterprise is the owner of the Cargo Vans. Enterprise purchased those vehicles in good faith for reasonable value. And it holds valid titles and registrations to those vehicles under Illinois law.

52. The Court should declare that Randy Marion is not the owner of the Cargo Vans and is estopped from asserting ownership of the Cargo Vans.

53. A declaration of ownership of the Cargo Vans would serve a useful purpose in clarifying and settling the legal relations at issue, and it would terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

**SECOND CAUSE OF ACTION**
**28 U.S.C. § 2201 – Declaratory Judgment**
**(Against Detective Richard and the Town of Mooresville)**

54. Enterprise incorporates by reference its allegations above as though fully set forth here.

55. There is an actual, ongoing controversy between Enterprise and Detective Richard, acting on behalf of the Town of Mooresville and under color of state law, over whether the Cargo Vans are properly listed as stolen in the NCIC database.

56. The NCIC listing is causing Enterprise to suffer ongoing injury, and a decision in Enterprise's favor would redress that injury to Enterprise.

57. The Court should declare that the Cargo Vans are not properly listed as stolen in the NCIC database.

58. A declaration that the Cargo Vans are not properly listed as stolen in the NCIC database would serve a useful purpose in clarifying and settling the legal relations at issue, and it would terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 – Unreasonable Seizure**
**(Against Detective Richard and the Town of Mooresville)**

59. Enterprise incorporates by reference its allegations above as though fully set forth here.

60. Detective Richard, acting on behalf of the Town of Mooresville and under color of state law, seized the Cargo Vans within the meaning of the Fourth Amendment by interfering with Enterprise's possessory interests in those Cargo Vans.

61. This seizure was unreasonable, at least since Detective Richard became aware that Enterprise owns the Cargo Vans after purchasing them for value from Mercedes-Benz of West Chester.

62. By unreasonably seizing the Cargo Vans, Detective Richard, acting on behalf of the Town of Mooresville and under color of state law, has damaged Enterprise, including by depriving Enterprise of the reasonable rental value of those Cargo Vans.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Deprivation of Property Without Due Process
### (Against Detective Richard and the Town of Mooresville)

63. Enterprise incorporates by reference its allegations above as though fully set forth here.

64. Enterprise has a constitutionally cognizable property interest in the Cargo Vans.

65. Detective Richard, acting on behalf of the Town of Mooresville and under color of state law, deprived Enterprise of that property interest by listing them as stolen in the NCIC database and then refusing to remove that listing.

66. This deprivation was without due process, as Enterprise has no adequate means of challenging it.

67. This deprivation was also arbitrary, as Detective Richard explained that seventeen of the Cargo Vans "were entered as stolen to prevent registration" even though those seventeen were already registered to Enterprise. Likewise, Detective Richard stated that the remaining seventeen Cargo Vans "registered to enterprise were not entered as stolen" but then reported that the "remaining 17 vehicles that have not been entered into NCIC will be entered into NCIC stolen."

14

68. By depriving Enterprise of its property interest in the Cargo Vans, Detective Richard, acting on behalf of the Town of Mooresville and under color of state law, has damaged Enterprise, including by depriving Enterprise of the reasonable rental value of those Cargo Vans.

### FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Taking Without Just Compensation
### (Against Detective Richard and the Town of Mooresville)

69. Enterprise incorporates by reference its allegations above as though fully set forth here.

70. Detective Richard, acting on behalf of the Town of Mooresville and under color of state law, deprived Enterprise of all economically beneficial use of the Cargo Vans by listing them as stolen in the NCIC database and then refusing to remove that listing.

71. Enterprise is entitled to, but has not received, compensation for this taking.

### DEMAND FOR JURY TRIAL

Enterprise demands a trial by jury for all claims and issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Enterprise respectfully requests the Court:

A. enter judgment for Enterprise and against Defendants;

B. declare that Enterprise, and not Randy Marion, is the owner of the Cargo Vans;

C. declare that the Cargo Vans are not properly listed as stolen in the NCIC database;

D. award Enterprise monetary and injunctive relief, including an injunction directing Detective Richard to remove the Cargo Vans from any active NCIC listing of stolen vehicles; and

E. award Enterprise any other relief that the Court deems proper.

Dated: June 21, 2024　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　**WOMBLE BOND DICKINSON (US) LLP**

　　　　　　　　　　　　　　　　*/s/ Christopher W. Jones*
　　　　　　　　　　　　　　　　Christopher W. Jones
　　　　　　　　　　　　　　　　N.C. State Bar No. 27265
　　　　　　　　　　　　　　　　Samuel B. Hartzell
　　　　　　　　　　　　　　　　N.C. State Bar No. 49256
　　　　　　　　　　　　　　　　555 Fayetteville Street, Ste. 1100
　　　　　　　　　　　　　　　　Raleigh, NC 27601
　　　　　　　　　　　　　　　　Telephone: (919) 755-8173
　　　　　　　　　　　　　　　　E-mail:　Chris.Jones@wbd-us.com
　　　　　　　　　　　　　　　　　　　　　Sam.Hartzell@wbd-us.com

　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Enterprise FM Trust*